# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| JACK DONALDSON, Individually and for Others Similarly Situated, | Case No. _____ |
| v. | |
| WENCO INTERNATIONAL MINING SYSTEMS, LTD | Class and Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. Wenco International Mining Systems, LTD (Wenco) failed to pay Jack Donaldson (Donaldson), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and California law.

2. Instead, Wenco pays Donaldson and other technicians like him a salary with no overtime compensation when working more than 40 hours a week.

3. Donaldson brings this lawsuit this as a collective action under the FLSA. 29 U.S.C. § 216(b) to recover unpaid overtime and other damages.

4. Donaldson also brings this lawsuit as a class action under FED R. CIV. P. 23 to recover unpaid overtime and other damages pursuant to California law.

### JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

8. Wenco conducts substantial business in this District and Division.

9. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because Donaldson worked for Wenco in Elgin, Texas, located in this District and Division.

## THE PARTIES

10. Donaldson is employed by Wenco as a technician. He has worked for Wenco from approximately April 2014 until the present.

11. He regularly works in excess of 40 hours a week without receiving overtime pay. His written consent is attached as **Exhibit A**.

12. Donaldson brings this action on behalf of himself and all other similarly situated salaried employees under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The FLSA Class is subjected to the same FLSA violations as Donaldson and is properly defined as:

> **All salaried technicians employed by Wenco during the past 3 years (the "FLSA Class Members").**

The members of the FLSA Class are easily ascertainable from Wenco's business and personnel records.

13. Donaldson brings this action individually and on behalf of a California Class consisting of:

> **All salaried technicians employed by Wenco in California during the past 4 years (the "California Class Members").**

14. The California Class Members are easily ascertainable from Wenco's business and personnel records.

15. Collectively, the FLSA Class Members and the California Class Members are referred to as the Putative Class Members.

16. Defendant Wenco is a Canadian Limited Company doing business throughout the United States, including Texas, California, and Colorado.

17. Wenco is covered by the FLSA and California labor laws and has been during the applicable statute of limitations. Wenco is therefore obligated to pay its non-exempt employees' overtime under the FLSA.

18. Wenco may be served through North American Regional Manager, Brad Stilley, at 3567 E. Sunrise Dr., Suite 225, Tucson, Arizona 85718, or wherever he may be found.

## COVERAGE UNDER THE FLSA

19. At all relevant times, Wenco was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

20. At all relevant times, Wenco was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

21. At all relevant times, Wenco was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

22. At all relevant times, Wenco had an annual gross volume of sales made in excess of $1,000,000.

23. At all relevant times, Donaldson and the FLSA Class Members were engaged in commerce or in the production of goods for commerce.

## THE FACTS

24. Wenco develops and operates technology to assist mining companies.

25. Wenco offers its clients mine productivity solutions including fleet management, asset health, collision avoidance, mining business analytics, and high-precision machine guidance.

26. To provide these services, it employs technicians like Donaldson.

27. Wenco hired Donaldson as a technician in approximately April of 2014.

28. Donaldson works for Wenco as a technician throughout the United States (including Texas, California, and Colorado) and abroad.

29. Donaldson performs hardware installation on rugged computers, radios, GPS antennas, and antenna cables.

30. Donaldson installs and services hardware that is used in mines for digging, measuring, and ensuring safety.

31. Donaldson is still employed with Wenco.

32. Wenco's technicians, including Donaldson, perform routine, labor intensive activities which are largely governed by standardized plans and checklists created by Wenco.

33. Every element of a Wenco's technicians' job is predetermined by Wenco, including the schedule of the technicians' work and related work duties.

34. No advanced degree is required to become a technician for Wenco. In fact, Wenco regularly hires technicians who only have a high-school diploma or less.

35. Being a technician is not work requiring specialized academic training as a standard prerequisite.

36. To the extent technicians make "decisions," the decisions do not require the exercise of independent discretion and judgment.

37. Instead, technicians apply well-established procedures.

38. Technicians are not permitted to deviate from established guidelines and partners.

39. Technicians attend mandatory meetings and workshops which outline their duties.

40. With these job duties, technicians are clearly **non-exempt** under the FLSA.

41. All of Wenco's technicians work long hours in excess of 40 hours a week.

42. Technicians are required to regularly work 10 or more hours in a day, and more than 70 hours in a week.

43. Wenco's technicians can work up to 100 hours a week.

44. Wenco does not pay its technicians overtime for hours worked in excess of 40 in a workweek.

45. Instead, Wenco pays technicians a base salary.

46. Donaldson and the Putative Class Members work for Wenco as technicians over the past three years throughout the United States, and four years in California.

47. As a result of Wenco's pay policies, Donaldson and the Putative Class Members are denied the overtime pay required by federal law.

48. Wenco keeps accurate records of the hours, or at least days, its technicians work.

49. It also keeps accurate records of the amount of pay technicians receive.

50. Despite knowing the FLSA's requirements and that its technicians regularly work more than 40 hours in a workweek, Wenco does not pay them overtime

51. Wenco does not pay California Class Members the overtime premiums required by California law for hours worked in excess of 40 in a workweek.

52. Wenco does not provide adequate meal/rest breaks as required by California law

53. Instead, Wenco pays Donaldson and California Class Members a base salary.

54. Donaldson and California Class Members are and were misclassified as exempt from overtime pay.

55. Rather than receiving time and half for hours worked in excess of 40 in a workweek as required by California law, Donaldson and California Class Members only received a base salary.

56. This misclassification violates California law.

### FIRST CAUSE OF ACTION –
### VIOLATION OF THE FLSA

57. Donaldson incorporates the preceding paragraphs by reference.

58. As set forth herein, Wenco violated the FLSA by failing to pay Donaldson and the FLSA Class Members overtime at one and one-half times the regular rate of pay under the hourly system, for hours worked in excess of 40 in a workweek. 29 U.S.C. § 207(a).

59. At all relevant times, Wenco has been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA.

60. Wenco employs Donaldson and each FLSA Class Member.

61. Wenco's pay policy denies Donaldson and the FLSA Class Members overtime compensation at the legal overtime rates required by the FLSA.

62. Wenco owes Donaldson and the FLSA Class Members overtime wages equal to 1 and ½ their regular rates for each overtime hour worked during the last three years.

63. Wenco knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Donaldson and the FLSA Class Members is willful.

64. Due to Wenco's FLSA violation, Donaldson and the FLSA Class Members are entitled to recover from Wenco their unpaid overtime compensation, liquidated damages, reasonable attorney fees, costs, and expenses of this action.

### SECOND CAUSE OF ACTION –
### FAILURE TO PAY OVERTIME WAGES UNDER CALIFORNIA LAW

65. The California Labor Code requires that all employees, including Donaldson and the California Class Members, receive time and one-half overtime premium compensation for hours worked over eight (8) in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

66.     Despite working over eight hours a day as part of their normal and regular shift, Donaldson and the California Class Members did not receive any overtime compensation for all hours worked over eight (8) in one day.

67.     The California Labor Code also requires that all employees, including Donaldson and the California Class Members, receive two times the overtime premium compensation for hours worked over twelve (12) in one day. CAL. LAB. CODE § 510 (2017); IWC Wage Order 16-2001.

68.     Though Donaldson and the California Class Members occasionally worked over twelve (12) hours in one day, they did not receive the "double time" compensation required by California law.

69.     The California Labor Code requires that all employees, including Donaldson and the California Class Members, receive two times the overtime premium compensation for hours worked over eight (8) in one day, in the seventh day of a workweek. CAL. LAB. CODE § 510, 551–52 (2017); IWC Wage Order 16-2001.

70.     Though Donaldson and the California Class Members regularly worked seven days a week, for twelve hours a day, they did not receive the "double time" compensation required by California law for all hours over eight worked on the seventh day.

71.     This pattern, practice, and uniform administration of corporate policy regarding illegal employee compensation is unlawful and entitles Donaldson and the California Class Members a right to recovery in a civil action, for the unpaid balance of the full amount of overtime wages owing, including liquidated damages, interest, attorneys' fees, and costs of suit according to the mandate of California Labor Code § 1194.

### THIRD CAUSE OF ACTION – FAILURE TO PROVIDE COMPENSATION FOR MISSED MEAL AND REST PERIODS

72.     In accordance with the mandates of California Labor Code sections 226.7, 512, and the applicable IWC Wage Order, Donaldson and the California Class Members had the right to take two uninterrupted thirty-minute meal periods for each day they worked ten (10) hours per day and a

ten (10) minute rest period for every four (4) hours worked per day. CAL. LAB. CODE § 226.7 and 512 (2017); IWC Wage Order 16-2001.

73. Though the California Labor Code requires that all employees, including Donaldson and the California Class Members, receive two thirty (30) minute meal-period breaks when employed for ten (10) hours per day, Donaldson and the California Class Members did not receive two meal-period breaks for each day worked, despite working twelve-hour shifts. CAL. LAB. CODE § 512 (2017); IWC Wage Order 16-2001.

74. As a pattern and practice, Wenco did not provide Donaldson and the California Class Members with meal-period breaks, and did not provide proper compensation for this failure as required by California law.

75. Though the California Labor Code requires that all employees, including Donaldson and the California Class Members, receive a ten (10) minute rest period for every four (4) hours worked, Donaldson and the California Class Members did not receive any rest periods during their twelve-hour shifts. CAL. LAB. CODE § 512 (2017); IWC Wage Order 16-2001.

76. As a pattern and practice, Wenco did not provide Donaldson and the California Class Members with rest-period breaks, and did not provide proper compensation for this failure as required by California law.

77. Donaldson and the California Class Members are entitled to receive compensation, at their regular rate of pay, for one hour for each day they were denied their lawfully required meal and rest periods. CAL. LAB. CODE §§ 512 (2017); IWC Wage Order 16-2001.

78. Wenco's policy fails to provide Donaldson and the California Class Members with the legally mandated meal period breaks. Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitled to recovery by Donaldson and the California Class Members in a civil action, for the balance of the unpaid compensation pursuant to Labor Code § 226.7, 512, and the applicable IWC Wage Order

### FOURTH CAUSE OF ACTION—VIOLATIONS OF RECORD KEEPING REQUIREMENTS

79. Donaldson incorporates by reference all other paragraphs.

80. California Labor Code section 226 requires Wenco to keep accurate records regarding the rates of pay for their California employees and provide that information to Donaldson and the California Class Members with their wage payment.

81. Wenco failed to pay Donaldson and the California Class Members lawful wages, it did not maintain accurate records of Donaldson and the California Class Members' daily hours, gross wages earned, net wages earned, and the applicable hourly rates, and did not provide that information to Donaldson and the California Class Members with their wages.

82. This pattern, practice, and uniform administration of corporate policy is unlawful and entitles Donaldson and the California Class Members to recover all damages and penalties available by law, including interest, penalties, attorney fees, and costs of suit. CAL. LAB. CODE § 226(e).

### FIFTH CAUSE OF ACTION—VIOLATION OF UNFAIR COMPETITION LAW

83. Wenco has engaged, and continues to engage, in unfair and unlawful business practices in California by practicing, employing, and utilizing the employment practices outlined above by knowingly denying employees: (1) federally mandated overtime wages; (2) minimum overtime wages required by the State of California; and (3) meal-period and rest-period break wages.

84. As a result of Wenco's failure to comply with federal and state law, it has also violated the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200, *et. seq.*, which prohibits unfair competition by prohibiting any unlawful or unfair business actions or practices.

85. Donaldson and the California Class Members seek full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Wenco by means of the unfair practices complained of herein.

86. The acts complained of herein occurred within the four years preceding the filing of this action.

87. On information and belief, Wenco has engaged in unlawful, deception and unfair business practices, as proscribed by California's Business and Professions Code § 17200, *et seq.*, including those set forth above, thereby depriving Donaldson and the California Class Members the

minimum working condition standards and conditions due to them under the California laws and IWC Wage Orders as specifically described herein.

### SIXTH CAUSE OF ACTION – WAITING TIME PENALTIES

88. At all times relevant herein, Wenco was required to pay the California Class Members all wages owed in a timely fashion at the end of employment pursuant to California Labor Code §§ 201 to 204.

89. Under As a result of Wenco's alleged Labor Code violations alleged above, Wenco regularly failed to pay the California Class Members their final wages pursuant to Labor Code §§ 201 to 204 and accordingly owe waiting time penalties pursuant to Labor Code § 203.

90. The conduct of Wenco and its agents and employees as described herein was willfully done in violation of the California Class Members' rights, and done by managerial employees of Wenco.

91. Wenco's willful failure to provide the California Class Members the wages due and owing them upon separation from employment results in a continuation of wages up to thirty (30) days from the time the wages were due. Therefore, Donaldson and the California Class Members who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

### SEVENTH CAUSE OF ACTION – PAGA

92. At all times, California Labor Code §2699 or PAGA was applicable to the California Class Members. California Labor Code §2699 provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LDWA") for certain violations of the California Labor Code. Likewise, civil penalties may also be recovered through a civil action brought by aggrieved employees, both individually or in a representative capacity.

93. Donaldson and the California Class Members are aggrieved employees for purposes of PAGA and seek to recover civil penalties, as well as other remedies, for violations of the California

Labor Code §§201-204, 226, 226.7, 510, 512, 558, 1174, 1198 and 2802. Donaldson and the California Class Members seek all of the appropriate civil penalties as set forth in §2699.

## COLLECTIVE ACTION ALLEGATIONS

94.     Donaldson incorporates all previous paragraphs and alleges that the illegal pay practices Wenco imposed on Donaldson were likewise imposed on the Putative Class Members.

95.     In addition to Donaldson, Wenco employed other technicians who worked over forty hours per week with no overtime pay, were paid a salary, and were classified – improperly – as exempt employees. These Putative Class Members performed the job duties described above and they were subjected to the same unlawful policies which constitutes a willful violation of the FLSA.

96.     The Putative Class Members are all entitled to overtime after 40 hours in a week and the overtime they are entitled to must be calculated in a manner consistent with the requirements of the FLSA. Donaldson and the Putative Class Members are similarly situated in all relevant respects.

97.     Wenco's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policy and/or practice which are not dependent on the personal circumstances of any Putative Class Members.

98.     Donaldson's experiences are typical of the experiences of all Putative Class Members.

99.     Donaldson has no interest contrary to, or in conflict with, the members of the Putative Class Members. Like each member of the proposed classes, Donaldson has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

100.    A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

101.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

**CLASS ACTION ALLEGATIONS**

102. Donaldson brings this lawsuit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure asserting violations of California labor laws, as specified *supra*.

103. <u>Numerosity</u>: The proposed state law class is so numerous that joinder of all members is impracticable. Donaldson is informed and believes, and on that basis allege, that during the relevant time period, Wenco employed dozens of people who satisfy the definition of the California state law class.

104. <u>Typicality</u>: Donaldson's claims are typical of the members of the state law class he seeks to represent. Donaldson is informed and believes that others in their positions (and/or positions similar thereto), routinely worked more than 40 hours per week during the relevant class periods, without being paid overtime, in violation of the FLSA and applicable state law. Donaldson, like the state law class members he seeks to represent, was subject to Wenco's policy and practice of paying salary to non-exempt technicians.

105. <u>Superiority</u>: A class action is superior to other available methods of the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants and fear retaliation. Prosecuting dozens of identical, individual lawsuits does not promote judicial efficiency or equity and consistency in judicial results.

106. <u>Adequacy</u>: Donaldson will fairly and adequately protect the interests of the state law class members and have retained counsel experienced in complex wage and hour class and collective action litigation.

107. <u>Commonality</u>: Common questions of law and fact exist to all members of each of the proposed state law classes and predominate over any questions solely affecting individual class members, including but not limited to:

- What were Wenco's policies and/or practices for paying overtime for overtime work?

- Did Wenco have and implement a policy and/or practice whereby Wenco failed to pay its salaried technicians for overtime work at the legally required overtime rate, namely time and a half or double their regular rates?

- Was Wenco's decision to classify the members of the California Class as exempt made in good faith?

- Were Wenco's violations of the California labor laws willful?

- Were Wenco's illegal pay practices applied uniformly across California to all members of the class?

## JURY TRIAL

108. Donaldson demand a trial by jury.

## PRAYER

109. Donaldson prays for relief as follows:

    a. An order allowing this action to proceed as a collective action under the FLSA and directing notice to all salaried technicians of Wenco;

    b. An order allowing this action to proceed as a Rule 23 class action under the California labor laws;

    c. Judgment awarding Wenco and Putative Class Members all unpaid overtime compensation, liquidated damages, interest, penalties, attorneys' fees and costs as provided under the FLSA;

    d. Judgment awarding Donaldson and California Class Members all unpaid overtime compensation, liquidated damages, interest, penalties, attorneys' fees and costs as provided under California labor laws;

    e. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

    f. All such other and further relief to which Donaldson, and the FLSA and California Class Members, may show themselves to be justly entitled.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **Richard M. Schreiber**
    Texas Bar No. 24056278
    **JOSEPHSON DUNLAP LLP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com
    rschreiber@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**